IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 97-40420
Summary Calendar

———————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

BELFREY BROWN,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No.6:96-CR-22-13
- - - - - - - - - -
December 8, 1997
Before JONES, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

Belfrey Brown appeals his conviction and sentence for

possession with intent to distribute and distribution of cocaine

base, aiding and abetting, in violation of 21 U.S.C. § 841(a)(1)

and 18 U.S.C. § 2. The district court did not clearly err in

adopting the factual findings of the PSR in determining the

amount of drugs attributable to Brown, since the PSR had

sufficient indicia of reliability, and Brown failed to

demonstrate that the PSR was unreliable. See United States v.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Jobe, 101 F.3d 1046, 1065 (5th Cir. 1996); United States v. Valencia, 44 F.3d 269, 274 (5th Cir. 1995). For the same reason, the district court did not err in declining to require laboratory analysis of the substance determined to be "crack" to ensure that it was not cocaine hydrochloride. Id.

Nor was it clear error for the district court to apply § 2D1.1(b)(1) of the guidelines to increase Brown's offense level by two on the basis of the firearm found in Brown's closet along with drugs and ammunition. See United States v. Eastland, 989 F.2d 760, 770 (5th Cir. 1993).

It is unnecessary to decide whether Solis should have been subpoenaed for the sentencing hearing. Assuming, arguendo, that Solis would have testified as Brown asserts, elimination of the amount of drugs linked to Brown through Solis would not have changed Brown's base offense level, rendering any error harmless. See § 2D1.1(c)(2).

AFFIRMED.